United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS,<br><br>          Plaintiff,<br><br>     v.<br><br>MENLO PARK POLICE DEPARTMENT, et al.,<br><br>          Defendants. | Case No. 16-cv-05380-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Kenneth Oliver Owens, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

1    omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

2    face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

3    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

4    must be supported by factual allegations. When there are well-pleaded factual allegations, a court

5    should assume their veracity and then determine whether they plausibly give rise to an entitlement

6    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

7    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

8    the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

9    committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was wrongfully arrested by police, illegally held in custody by state judges and his guilty plea was violated. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

Plaintiff states that he has been illegally arrested multiple times by Menlo Park Police, and various state court judges conspired to keep him illegally confined. Plaintiff has included transcripts from a plea hearing where he pled guilty on June 22, 2016, and also argues that the plea agreement has been violated. For relief, plaintiff seeks money damages. There is no indication that the conviction has been reversed or expunged. Before plaintiff can seek money damages, he must first overturn the conviction. To the extent plaintiff seeks to challenge the plea in a federal habeas petition he must first exhaust state court remedies. The complaint will be dismissed with leave to amend for plaintiff address why this action should not be dismissed pursuant to *Heck*. To the extent plaintiff proceeds with a claim not barred by *Heck* he must provide information

concerning a specific incident and describe how individual defendants violated his constitutional rights.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH OLIVER OWENS,

    Plaintiff,

    v.

MENLO PARK POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 16-cv-05380-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 18, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Oliver Owens ID: Prisoner Id 290606
300 Bradford Street
Redwood City, CA 94063

Dated: November 18, 2016

    Susan Y. Soong
    Clerk, United States District Court

    By: *[signature]*
    LISA R. CLARK, Deputy Clerk to the
    Honorable JAMES DONATO